United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40862
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JUAN GONZALEZ-GUERRA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-77-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Juan Gonzalez-Guerra (Gonzalez) appeals his guilty-plea

conviction and sentence for illegal reentry after a previous

deportation.  He argues that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional

in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  We need

not decide the applicability of the plea-agreement waivers in

this case because the issue that Gonzalez raises is foreclosed.

    Gonzalez's constitutional challenge is foreclosed by

Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Gonzalez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Gonzalez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.